**Ex parte A.B. BUTLER, Jr.**

No. 71566.

Court of Criminal Appeals of Texas, En Banc.

Oct. 5, 1994.

A.B. Butler, pro se.

Jack Skeen, Jr., Dist. Atty., and Amy R. Blalock, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for State.

## OPINION

McCORMICK, Presiding Judge.

Applicant was convicted of aggravated kidnapping and the jury assessed punishment at confinement for ninety-nine years. Applicant's conviction was affirmed. *Butler v. State*, No. 11–85–215–CR (Tex.App.—Eastland, November 14, 1985, no pet.). He has filed this application for habeas corpus relief pursuant to Article 11.07, V.A.C.C.P. We filed and set the application to determine whether applicant's appellate counsel rendered ineffective assistance.

Applicant contends that his appellate counsel was ineffective for failing to appeal the trial court's denial of his motion to quash the indictment. The indictment alleged that applicant "did then and there intentionally and knowingly abduct [the complainant] with the intent to commit the felony offense of aggravated rape[.]" Counsel filed a motion to quash alleging, *inter alia*, that the indictment was defective for failing to state which manner of abduction the State would prove at trial.[1] This motion was overruled by the trial court.

Under this Court's opinion in *Gibbons v. State*, 652 S.W.2d 413, 415 (Tex.Cr.App. 1983), at the time of applicant's trial in 1983 and his appeal in 1985, applicant would have been entitled to a new trial because of the defect in the form of the indictment.[2] Since reasonably effective appellate counsel should have recognized this as error and raised it on appeal, we hold that counsel's failure to do so constituted deficient performance under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, we must still determine whether there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. We must also determine whether the law in effect at the time of trial and appeal should govern the disposition of this case, or whether it is to be determined under current law.

This Court has adopted the *Strickland* standard in ascertaining whether counsel's assistance is ineffective. *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986). Since this Court follows the United States Supreme Court concerning ineffective assistance claims, we must also consider *Lockhart v. Fretwell*, 506 U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). In *Fretwell*, trial counsel failed to object to an error which, at the time of trial, would have entitled the defendant to a reversal. After the state courts had rejected his claims on both direct appeal and habeas corpus, the defendant filed a federal writ alleging ineffective assistance of trial counsel. However, at the time the habeas corpus action was filed, the law had changed and the complained of error was no longer reversible. The Supreme Court held

---

1. V.T.C.A., Penal Code, Section 20.01, provides in pertinent part:

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force."

An indictment which fails to notify the defendant of the manner in which the complainant was abducted is defective and subject to a motion to quash. *Gibbons v. State, supra*. Such a defect is considered one of form. See *Coleman v. State*, 643 S.W.2d 124 (Tex.Cr.App.1982); *Gorman v. State*, 634 S.W.2d 681 (Tex.Cr.App.1982).

2. In an affidavit, appellate counsel, who was also counsel at trial, stated:

"My Motion to Quash was specific enough to point out errors in the indictment.... I do not find that this error was raised on direct appeal.... In light of the *Gibbons* case, I feel that [applicant] was deprived of effective assistance of counsel on appeal. This error should have been raised on appeal and I find no reason for my failure to raise the issue in my appellate brief. It appears to me that [applicant's] point is well taken in this regard."

that, while counsel's performance still was to be judged under the law at the time of trial, *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, prejudice was to be determined under current governing law. *Fretwell,* 506 U.S. at ——, 113 S.Ct. at 844. Thus, because the defendant's contention had no merit under the law prevailing at the time his habeas corpus action was filed, no prejudice was shown, and his ineffective assistance of counsel claim failed. We hold the prevailing law when applicant filed this writ must be applied in our determination of whether counsel's failure to appeal the denial of applicant's motion to quash caused counsel to be ineffective.

 Between the time of trial in this case and the filing of applicant's writ, *Gibbons* had been overruled to the extent that applicant is no longer entitled to an automatic reversal because of the defect in the form of applicant's indictment.[3] *See Adams v. State,* 707 S.W.2d 900, 902–03 (Tex.Cr.App.1986). We review the entire record for prejudice to applicant's substantial rights from the defect of form in the indictment. *See Adams,* 707 S.W.2d at 903; Article 21.19.

 Here, the indictment alleged that applicant had abducted the complainant with the intent to commit aggravated rape. Applicant had also been charged, in a three paragraph indictment, with aggravated rape against the same complainant arising from the same transaction as the aggravated kidnapping. Applicant was tried for both offenses in the same trial. The rape indictment charged in paragraph one that applicant compelled the complainant to submit to sexual intercourse "by threat of death and serious bodily injury inflicted on [complainant]...." Paragraph two charged that applicant "did then and there intentionally and knowingly, in the course of the same criminal episode, use and exhibit a deadly weapon, to-wit, a knife, that in the manner of its use and intended use is capable of causing death or serious bodily injury." The final paragraph alleged that applicant compelled the complainant to submit to sexual intercourse "by

placing the [complainant] in fear of death and serious bodily injury to be imminently inflicted on [complainant] by threat of death and serious bodily injury." The aggravated kidnapping indictment alleged that applicant abducted the complainant "with the intent to commit the felony offense of aggravated rape." Since the two offenses arose from the same transaction, and the aggravated kidnapping indictment referred to the aggravated rape indictment which alleged the offense was committed by threats of death or serious bodily injury, we hold this was sufficient to apprise applicant that the manner in which the complainant had been abducted was by "using or threatening to use deadly force" against her. V.T.C.A., Penal Code, Section 20.01(2)(B). Therefore, we hold that applicant's substantial rights were not prejudiced by the trial court's failure to quash the indictment.

Therefore, the requested relief is denied.

CLINTON, J., concurs in the result.

CAMPBELL, J., not participating.

---

**3.** Article 21.19, V.A.C.C.P., provides:
 "An indictment shall not be held insufficient, nor shall the trial, judgment or other proceed-

ings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."