NO. 07-04-0265-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 21, 2005



______________________________



CLARENCE D. BROWN, APPELLANT



V.



LUBBOCK COUNTY COMM. COURT, ET AL., APPELLEES


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-525,430; HONORABLE MACKEY HANCOCK, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ON MOTION FOR REHEARING


 Appellant has presented a motion for rehearing challenging the holdings in our
original opinion concerning his asserted claims for declaratory relief, and his claims against
Lubbock County and its commissioners court. With these comments, we will overrule the
motion for rehearing.

 Appellant's motion seeks rehearing of our determination that his claims against the
judicial defendants were barred by the doctrine of absolute immunity. In our original
opinion we noted that appellant had argued in a reply brief that judicial immunity would not
bar his claims for declaratory relief. In response to that argument, we found that
appellant's pleadings did not seek declaratory relief. On rehearing, appellant concedes the
prayer in his amended petition did not seek declaratory relief, but points out the paragraphs
asserting claims against each defendant did. Even assuming, arguendo, the amended
petition was sufficient to give fair notice of claims for declaratory relief, and assuming,
arguendo, that a claim for declaratory relief only might not be barred by absolute judicial
immunity, (1) that would not alter our conclusion the trial court did not abuse its discretion in
dismissing the claims against district judges Cherry and Underwood, and magistrate judge
Hazlewood, because they lack an arguable basis in law. 

 Neither appellant's original petition nor his appellate brief identify the specific
declaration he seeks. He appears to seek a declaration that each of the judges deprived
him of his constitutional right to counsel, but does not indicate how such a declaration
would settle any uncertainty or controversy. See Tex. Civ. Prac. & Rem. Code Ann. §
37.008 (Vernon 1997) (authorizing denial of relief when declaration would not resolve
controversy). In a reply brief on rehearing, and in response to appellees' contention his
exclusive remedy is through a habeas corpus proceeding, appellant denies he is
attempting to invalidate his conviction, but observes "should [he] decide to file a habeas
[corpus] application, the [declarations] will assist the habeas court in deciding whether [he]
was denied the effective assistance of counsel[.]" (2) 

 The United States Supreme Court discussed the relationship between claims under
section 1983 and habeas corpus in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129
L.Ed.2d 383 (1994). The Court concluded:

 [I]in order to recover damages for . . . harm caused by actions whose
unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff
must prove that the conviction or sentence has been reversed on direct
appeal, expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by a federal
court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for
damages bearing that relationship to a conviction or sentence that has not
been so invalidated is not cognizable under § 1983.

Id. at 486-87. In Young v. Dretke, 356 F.3d 616 (5th Cir. 2004), on which appellant relies,
the Fifth Circuit held that an appointed counsel's failure to seek pre-indictment dismissal,
on the same grounds appellant now asserts would have precluded his prosecution,
established the denial of the right to counsel and entitlement to habeas corpus relief. Id.
at 629.

 Application of the holding in Young to the standard established in Heck compels the
conclusion that appellant's section 1983 claims are so related to his conviction that they
may not be asserted before the granting of the writ of habeas corpus, or other post-conviction relief "invalidating" his conviction. See Heck, 512 U.S. at 487. Restated, he
may not prosecute a claim under section 1983 to support a future habeas corpus petition,
but must obtain relief by habeas corpus to assert a section 1983 claim. Therefore the trial
court could have found his assertion of the 1983 claim against the judicial defendants
without the prerequisite "invalidation" of his conviction has no arguable basis in law. 

 Appellant's motion for rehearing also challenges the statement in our original
opinion that to any extent Lubbock County is implicated by his suit naming the members
of its commissioner's court, the county is immune from suit as a subdivision of the state. 
He contends his petition properly can be read as asserting a section 1983 claim against
Lubbock County, (3) and that counties are not protected by state-law sovereign immunity from
suits under section 1983. (4) Appellant's asserted claims against the commissioners similarly
are based on the alleged denial of appellant's right to counsel at what he contends is a
critical stage of his prosecution. The trial court thus could have concluded those claims,
like his claims against the judicial defendants, are not cognizable under section 1983
absent a grant of habeas corpus or similar relief to appellant. Heck, 512 U.S. at 486-87. 
Even were we to agree with his contentions on rehearing, we therefore could not agree the
trial court's dismissal of appellant's claims reflects an abuse of discretion. 

 Appellant's motion for rehearing is overruled.


 James T. Campbell

 Justice 










1. See Mireles v. Waco, 502 U.S. 9, 10 n.1, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Will
v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10, 109 S.Ct. 2304, 105 L.Ed.2d 45
(1989). 
2. As our original opinion noted, the record indicates appellant has filed several
petitions in state court for habeas corpus seeking relief from his sexual assault conviction. 
None have been acted on favorably. The record also reflects that his habeas corpus
petition filed in federal court was dismissed with prejudice. 
3. Appellant's argument on rehearing refers to the commissioners court and Lubbock
County interchangeably. Lubbock County offers authority indicating the commissioners
court is not an entity capable of being sued separate from the county and contends
appellant failed to name the county as a defendant. See Darby v. Pasadena Police Dept.,
939 F.2d 311, 313 (5th Cir. 1991). Appellant's petition named the members of the
commissioners court, other than the county judge, in their individual and official capacities. 
A suit against a governmental official in his official capacity is a suit against the
governmental entity. Will, 491 U.S. at 71; Ware v. Miller, 82 S.W.3d 795, 800 (Tex.App.--Amarillo 2002, pet. denied). We agree with appellant his suit asserted claims against the
county.
4. Appellant cites, among other cases, Howlett v. Rose, 496 U.S. 356, 110 S.Ct.
2430, 110 L.Ed.2d 332 (1990). See also Leatherman v. Tarrant County Narcotics
Intelligence & Coordination Unit, 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517
(1993). Disposition of appellant's motion for rehearing does not require us to assess the
application of the holdings of those cases to Lubbock County. 


In re S.A.P.,
169 S.W.3d at 707. 

 Appellant does not argue the court's judgment is unsupported by the Holley factors,
but she cites Horvatich v. Texas Dep't of Protective & Regulatory Svcs., 78 S.W.3d 594
(Tex.App.-Austin 2002, no pet.), in support of her contention the court's failure to consider
"a lesser alternative than termination" rendered the evidence of best interest insufficient.
The court in Horvatich found the evidence of best interest insufficient under the applicable
factors. (1) But there, the caseworker then assigned to the case was not permitted to testify
because she was not designated as a witness. Id. at 599. As a result, there was no
evidence before the court on the status, at the time of trial, of the children in foster care,
the Department's plans for the children or why it did not seek placement with an available
relative. (2) On appeal, the court found the uncertainty of the parent's plans for the future
inadequate to show termination was in the child's best interest, where the Department was
not able to present evidence of its plans. Id. at 601. Here, the Department presented the
evidence lacking in Horvatich. The Department showed its plans for permanent placement
of MLM, including evidence of her functioning in that placement pending trial and testimony
of her natural father and his wife who desired to adopt MLM. The evidence also showed
the stability of the Flemons' home, their parental abilities, and MLM's bonding with the
Flemons and their daughter. 

 There is scant, if any, evidence in this record supporting a conclusion that naming
appellant possessory conservator and requiring her to pay child support, as she suggests,
would promote stability for MLM (3) or otherwise is in the child's best interest. At the time of
the hearing, appellant was on felony deferred adjudication probation, and was in the county
jail facing further criminal proceedings. The record shows appellant had failed to make any
support payments during this proceeding and, by her own testimony at the hearing, she
had no capability to make support payments. As fact finder, the trial court was permitted
to draw inferences adverse to appellant concerning her illegal drug use when she asserted
her constitutional right against self-incrimination on being asked why she had not submitted
to the required drug tests. See In re C.J.F. 134 S.W.3d 343, 352 (Tex.App.-Amarillo 2003,
pet. denied) (applying, in termination case, rule that adverse inferences may be drawn from
assertion of Fifth Amendment privilege). The evidence showing appellant engaged in
conduct endangering to her child, discussed in our consideration of appellant's third point
of error, also is relevant to the issue of the child's best interest. See In re C.H., 89 S.W.3d 
at 28 (holding same evidence may be probative both of best interest and other termination
issues). 

 Under either the legal or factual sufficiency standards of review, we conclude the
evidence was sufficient to permit the court to reach a firm belief or conviction that
termination of appellant's parental rights was in the best interest of MLM. We overrule
appellant's first point.

 Appellant's third point addresses the sufficiency of the evidence that she engaged
in conduct or placed the child with others who engaged in conduct which endangered the
child's physical or emotional well-being. See Tex. Fam. Code Ann. § 161.001(1)(E)
(Vernon Supp. 2006). She argues the evidence showed, at most, sporadic and disjointed
drug use. She does not deny the risks posed by her drug use, but argues the Department
was obligated to show a course of conduct, rather than individual acts or omissions, citing
In re D.M., 58 S.W.3d 801, 812 (Tex.App.-Fort Worth 2001, no pet.). We agree a single
episode of endangering conduct typically is insufficient. See In re S.M.L.D., 150 S.W.3d
at 758. But the evidence here establishes that appellant had engaged in a course of
endangering conduct. There was evidence appellant's amphetamine use had resulted in
termination of her parental rights to two other children before MLM was born. (4)
 Here again,
the trial court could draw adverse inferences from appellant's invocation of her Fifth
Amendment rights in response to questions about her drug use. See In re C.J.F. 134
S.W.3d at 352. There was evidence appellant's conduct was not limited to use of illegal
drugs. The Department's involvement with MLM arose from appellant's arrest for
attempting to manufacture methamphetamine. (5) Appellant's drug use continued after MLM
was removed and she knew regaining custody depended on foregoing the use of drugs. 
The record shows appellant's drug use was part of a continuing course of conduct.

 Alexander also testified to the risks created by appellant's drug-related conduct. In
Alexander's experience as a caseworker methamphetamine use results in the type of
instability in the child's environment found here, including the parent's inability to maintain
stable employment and housing. Courts may consider a parent's pattern of drug use and
its effect on children in determining whether the conduct endangered the children. See 
In re T.N., 180 S.W.3d at 383; Vasquez v. Texas Dept. of Protective & Regulatory
Services, 190 S.W.3d 189, 196 (Tex.App.-Houston [1st Dist.] 2005, pet. denied); 
S.M.L.D., 150 S.W.3d at 758; In re R.W., 129 S.W.3d 732, 739 (Tex.App.-Fort Worth
2004, pet. denied); In re U.P., 105 S.W.3d 222, 234 (Tex.App.-Houston [14th Dist.] 2003,
pet. denied). The evidence is sufficient to support a firm conviction or belief that appellant
engaged in conduct that endangered MLM's well-being, and thus is legally and factually
sufficient to support the court's finding. We overrule appellant's third point. 

 Our disposition of appellant's first and third points is dispositive of her appeal. We
need not address her second or fourth points. See In re A.V., 113 S.W.3d at 362 (only one
finding under Family Code section 161.001(1) is necessary for termination, along with a
best interest finding). We affirm the trial court's judgment.

 

 James T. Campbell

 Justice
1. The opinion in Horvatich does state the evidence in that case "at least suggests
that the Department did not adequately consider reunification or placement with relatives
as viable alternatives to termination." 78 S.W.3d at 602. As the opinion makes clear,
however, that weakness was only one of several causing the court to conclude the
Department's evidence on best interest was insufficient. 
2. See In re T.N., 180 S.W.3d 376, 385 (Tex.App.-Amarillo 2005, no pet.) (also
distinguishing Horvatich). 
3. Another case appellant cites, In re M.A.N.M., 75 S.W.3d 73 (Tex.App.-San
Antonio 2002, no pet.), recognizes a child's need for permanence as "the paramount
consideration for the child's present and future physical and emotional needs." Id. at 77. 
4. Appellant acknowledged during her testimony that one of her children tested
positive for amphetamine. See Cervantes-Peterson v. Texas Dept. of Family & Protective
Services, No. 01-05-0307-CV, 2006 WL 2195241 (Tex.App.-Houston [1st Dist.] August 3,
2006, no pet.) (citing drug use during another pregnancy as evidence mother would
continue to endanger child). See also In re Baby Boy R., 191 S.W.3d 916, 925 (Tex.App.-
Waco 2005, pet. denied) (considering conduct toward stepchild).

5. Appellant pled guilty to this charge and, as noted, was placed on deferred
adjudication probation.