### Ex Parte Edward Michael YOUNG.

#### No. 08-04-00251-CR.

Court of Appeals of Texas, El Paso.

Dec. 15, 2005.

Discretionary Review Granted March 29, 2006.

Robin Norris, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from an order of the El Paso County Criminal Law Magistrate Court (Jail Magistrate) denying applicant relief on his pretrial application for writ of habeas corpus and motions to dismiss the prosecution. The Jail Magistrate was acting on assignment from the 168th District Court of El Paso County, Texas. We reverse the order of the court.

## I. *SUMMARY OF THE EVIDENCE*

Appellant was and remains charged with the offense of murder. He was arrested on September 20, 1991, and he was released on bond on the same day. He was indicted on February 16, 1993 on indictment number 68448. On July 21, 1995 in the 168th District Court, Appellant was convicted and sentenced to sixty years' imprisonment. This Court affirmed the judgment and the Court of Criminal Appeals refused Appellant's petition for discretionary review. The judgment became final on March 4, 1998 with the issuance of this Court's mandate.

Appellant subsequently filed a post-conviction application for writ of habeas corpus alleging, in part, that he had not received effective assistance of counsel because his trial counsel failed to move to dismiss the indictment for lack of speedy trial under Articles 32.01 and 28.061 of the Texas Code of Criminal Procedure. The 168th District Court filed findings of fact and conclusions of law in the Court of Criminal Appeals. That court denied relief on October 4, 2000.

On October 10, 2000, Appellant filed a federal petition for writ of habeas corpus raising the same issue of ineffective assistance of counsel raised in the prior state proceedings. The United States District Court for the Western District Court of Texas issued an opinion denying Appellant's petition. Appellant appealed, and on January 9, 2004, the United States Court of Appeals for the Fifth Circuit delivered an opinion reversing the District Court and granting Appellant relief.

Appellant filed motions in the 168th District Court under former articles 28.061 and 32.01 of the Code of Criminal Procedure asserting that the indictment against him should be dismissed. In the interim, the State obtained a new murder indict-

ment against Appellant.[1] Appellant filed a pretrial writ of habeas corpus asserting that the prosecution should be dismissed with prejudice. The Jail Magistrate determined that, while the State did not have good cause for the delay in initially indicting Appellant, the statute involved was unconstitutional. Also, the Jail Magistrate determined that the prior holdings of the courts that had previously ruled on Appellant's claims, did not preclude consideration of the statute's constitutionality. The Court denied Appellant's motions for dismissal and his application for writ of habeas corpus. It is from this order that Appellant appeals.

## II. DISCUSSION

In Issue No. Two, Appellant maintains that the court erred in holding that the prosecution for murder was not barred because former article 28.061 violates the Texas Constitutional prohibition against interference by one department of government with the prerogatives of another. Former article 32.01 of the Code of Criminal Procedure read:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the

bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail. Acts of 1965, 59th Leg., R.S. ch. 722, § 1, 1965 Tex. Gen. Laws 441.

TEX.CODE CRIM. PROC. ANN. art. 32.01.[2]

Former article 28.061 of the Code of Criminal Procedure read:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute. Act of June 16, 1977, 65th Leg., R.S. ch. 787, § 4, 1977 Tex. Gen. Laws 1972, amended by Act of June 17, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws 1885.

TEX.CODE CRIM. PROC. ANN. art. 28.061.[3]

The Separation of Powers Clause provides:

---

1. The companion case, 08–04–00250–CR, to this cause concerns the original indictment, trial court cause no. 68448. That indictment was never dismissed. This cause, *Ex Parte Young*, 08–04–00251–CR, 2005 WL 3440819 (Tex.App.-El Paso Dec. 15, 2005), concerns the reindictment, trial court cause no. 20040D01654.

2. Article 32.01 was amended effective May 26, 1997 to state that the indictment had to be procured by the next term of court after the arrest or the 180th day thereafter, whichever was later—said amendment to be applied only to defendants arrested on or after the effective

date of the act. See Tex.Code Crim. Proc. Ann. art. 32.01(Vernon Supp.2005). Accordingly, the former law applies in Appellant's case.

3. Article 28.061 was amended on May 26, 1997 to remove any reference to serving as a bar to further prosecution to an offense discharged under article 32.01. This change applies only to prosecutions of an accused arrested on or after the effective date of the act. Accordingly, the above-quoted prior version of article 28.061 applies in Appellant's situation. See Tex.Code Crim. Proc. Ann. art. 28.061 (Vernon Supp.2005).

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another; and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art II, § 1.

The trial court made the following conclusion regarding the constitutionality of article 28.061:

> Former Article 28.061, in so far as it provided for dismissal with prejudice for Article 32.01 dismissals, constituted a violation of the constitutional separation of powers doctrine embodied in Article II, Sec. 1 of the Texas Constitution. This provision was unconstitutional under the same analysis utilized in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App. 1987).

The Appellant maintains that article 28.061 is constitutional and does not effect a violation of the separation of powers clause of the Texas Constitution. The State requests that this Court hold that both articles 32.01 and 28.061 are unconstitutional, or, at least, to follow the magistrate's conclusion as well as the holdings of several intermediate appellate courts and hold that article 28.061 is unconstitutional. *See Hixson v. State*, 1 S.W.3d 160, 163 (Tex.App.-Corpus Christi 1999, no pet.); *Ex parte Barnes*, 959 S.W.2d 313, 321 (Tex.App.-Fort Worth 1997, pet. dism'd, improvidently granted); *State v. Condran*, 951 S.W.2d 178, 192 (Tex.App.-Dallas 1997), *pet. dism'd, improvidently granted*, 977 S.W.2d 144 (Tex.Crim.App.1998); *contra Norton v. State*, 918 S.W.2d 25, 29

(Tex.App.-Houston [14th Dist.] 1996), *pet. dism'd, improvidently granted*, 969 S.W.2d 3 (Tex.Crim.App.1998); *Ex parte Torres*, 966 S.W.2d 723, 726–29 (Tex.App.-San Antonio 1998), *vacated on other grounds*, 993 S.W.2d 662 (Tex.Crim.App.1999); *Steinmetz v. State*, 968 S.W.2d 427, 430 (Tex. App.-Texarkana 1998, no pet.); *Ex parte Mallares*, 953 S.W.2d 759, 762–63 (Tex. App.-Austin 1997, no pet.).

▮ The trial court's ruling on the constitutionality of a statute is a question of law which we review *de novo*. *Gonzalez v. State*, 938 S.W.2d 482, 484 (Tex.App.-El Paso 1996, pet. ref'd). We review mixed questions of law and fact which do not turn on an evaluation of credibility and demeanor *de novo*. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The facts in this case are not in dispute. We review the trial court's ruling *de novo*. *Frenzel v. State*, 963 S.W.2d 911, 914 (Tex.App.-Waco 1998, pet. ref'd). When an attack on the constitutionality of a statute is made, courts begin with the presumption that the statute is valid. *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Crim.App.1980); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim.App.1978). One challenging a statute carries the burden to establish that the statute is unconstitutional. *Luquis v. State*, 72 S.W.3d 355, 365 (Tex.Crim.App. 2002).

▮ A district attorney is part of the judicial branch of government, and is therefore protected under the Separation of Powers Clause. *See Meshell v. State*, 739 S.W.2d 246, 252 (Tex.Crim.App.1987). With regard to the separation of powers doctrine, the Legislature may not remove or abridge a district or county attorney's exclusive prosecutorial function, except as authorized by an express constitutional provision. *Id.* at 254–55. In *Meshell*, the Court of Criminal Appeals found that the Texas Speedy Trial Act, article 32A.02 of

the Texas Code of Criminal Procedure, was not directed at the commencement of trial; rather, it focused upon an announcement of "ready" by the prosecution and it placed no burden upon the State to proceed to trial. *See id.* at 255–57. Accordingly, the Court found the Speedy Trial Act, along with its enforcement mechanism, article 28.061, to be void on the ground that it violated the Separation of Powers Clause of the Texas Constitution. *Id.* at 258. The Court explained that the Speedy Trial Act was not a legitimate attempt to provide procedural guidelines for enforcing a defendant's constitutional right to a speedy trial because it did not incorporate the traditional *Barker* speedy trial factors as part of the constitutional inquiry. *Id.* at 256–57.

In urging that we uphold the trial court's ruling, the State maintains that the prior versions of articles 28.061 and 32.01 pertinent to our discussion suffer from the same defects. Specifically, the State contends that it is not apparent what substantive right the Legislature was attempting to provide procedural guidelines for in enacting articles 32.01 and its enforcement mechanism, article 28.061. Next, the State maintains that article 28.061 creates a duty not necessitated by the Due Process Clause which adversely affects the prosecutor's ability to exercise his discretion in deciding when to present a case to the grand jury. The State also argues that the "good cause" provision in article 32.01 allows the judiciary wide discretion in denying a defendant's motion to dismiss, and it also fails to set out procedural guidelines to protect any procedural right or prevent an encroachment on the prosecutor's exclusive authority to decide when to present a case to the grand jury. Finally, the State contends that articles 32.01 and 28.061 operate in an arbitrary and capricious manner in that the district courts have varying terms of court per year.

The majority of courts that have considered the constitutionality of the two statutes applicable in the present case have found that article 32.01 is constitutional standing apart from article 28.061. *See Smith v. State*, 998 S.W.2d 683, 692 (Tex. App.-Corpus Christi 1999, pet. ref'd). However, some courts, including the *Smith* court, have held that when article 28.061 is considered in conjunction with 32.01, that the bar to prosecution impermissibly infringed upon a valid prosecutorial function and the statutes did not take into consideration the effect the varying lengths of terms of court and to other situations beyond the State's control. *Id.* at 693.

On the other hand, other courts have determined that article 32.01 implements the constitutional right to indictment. *Norton*, 918 S.W.2d at 30 (Hudson, J., concurring); *Ex parte Mallares*, 953 S.W.2d at 763. Moreover, while the statute interferes to some extent with the prosecutor's discretion, the good cause provision in the statute which allows the district court to order the prosecution continued on a showing of good cause supported by affidavit, provides a safety valve for prosecutors who, with due diligence, cannot meet the statutory timetable. *Ex parte Torres*, 966 S.W.2d at 727. Also, the existence of the good cause provision allows the consideration of such matters as the *Barker* factors and the varying lengths of the terms of court. *Id.* at 726–27. We find that article 32.01 is constitutional.

Some courts have found that while article 32.01 is constitutional, article 28.061, the enforcement mechanism, is unconstitutional as being a violation of the separation of powers doctrine. *See Ex parte Barnes*, 959 S.W.2d at 320; *Condran*, 951 S.W.2d at 191. The concern expressed in those opinions is that given the wide discrepancies in the terms of

courts and the uncontrollable vagaries of grand jury decision making, the State will not be able to adhere to the statutory timetable notwithstanding the mitigating effect of the good cause provision. *Ex parte Barnes,* 959 S.W.2d at 320; *Condran,* 951 S.W.2d at 190–91. However, we agree with the *Torres* court that, "We fail to understand why such factors beyond a prosecutor's control would not provide grounds for good cause for delay." *Ex parte Torres,* 966 S.W.2d at 728. We find that both prior articles 32.01 and 28.061 are constitutional. Accordingly, we sustain Appellant's Issue No. Two.

Having sustained Appellant's Issue No. Two, we find it unnecessary to address his remaining issue. We reverse the court's order denying relief and we remand the cause with instructions to the trial court to dismiss the indictment.