IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-176/177-06






EX PARTE EDWARD MICHAEL YOUNG, Appellant







ON STATE'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE EIGHTH COURT OF APPEALS

EL PASO COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, P.J., Meyers,
Keasler and Cochran, JJ., joined. Price, Johnson and Holcomb, JJ., concurred. 
Womack, J., dissented.


O P I N I O N


 The dispositive issue in this case is whether the enforcement provision in the version of
Article 28.061, Tex. Code Crim. Proc., applicable to this case, requiring dismissal of a prosecution
with prejudice for violations of former Article 32.01, Tex. Code Crim. Proc., violates the
separation of powers clause in Article II, § 1, Tex. Const. We hold that the enforcement provision
in this version of Article 28.061 violates this provision of the Texas Constitution. (1)

 Appellant was convicted of murder and sentenced to sixty years in prison on July 21, 1995. 
He was arrested for this murder and released on bond on September 20, 1991. Appellant was not
indicted for this murder until February 16, 1993. He was, therefore, entitled to have his murder
prosecution dismissed with prejudice under the version of Article 28.061 applicable to this case. See
Ex parte Young, 181 S.W.3d 526, 528-32 (Tex.App.-El Paso, 2005).

 Appellant's trial counsel did not raise this Article 28.061 claim during appellant's state
murder prosecution. Appellant claimed several years later, in a state habeas corpus application, that
trial counsel was constitutionally ineffective for not raising the Article 28.061 claim. See generally
Strickland v. Washington, 466 U.S. 668 (1984). Our state courts decided that trial counsel performed
deficiently by not raising the Article 28.061 claim and that this deficient performance was outcome-determinative because it deprived appellant of a dismissal with prejudice of his state murder
prosecution. (2) Our state courts nevertheless denied habeas corpus relief upon determining that, under
the Supreme Court's decision in Lockhart v. Fretwell, this was not legitimate prejudice under
Strickland because, when appellant filed his state habeas corpus application, our Legislature had
amended Article 28.061 so that dismissal of a prosecution with prejudice for noncompliance with
Article 32.01 was no longer required. (3)

 Appellant subsequently raised the identical ineffective assistance of counsel claim in a federal
habeas corpus application, which also asserted that our state courts had unreasonably applied federal
constitutional law in rejecting this claim during the state habeas corpus proceedings. Several years
after this, the Fifth Circuit Court of Appeals agreed and granted applicant federal habeas corpus
relief from his state murder conviction. See Young v. Dretke, 356 F.3d 616 (5th Cir. 2004).

 The Fifth Circuit addressed only the "prejudice" component of appellant's ineffective
assistance of counsel claim because the state courts had previously found that appellant's counsel
performed deficiently by not raising the Article 28.061 claim during the state murder prosecution.
The State apparently did not dispute that finding during the federal habeas corpus proceedings. See
Young, 356 F.3d at 619 (question presented is whether undisputed deficient performance by
appellant's counsel prejudiced appellant) and at 622 (noting that "all courts and all parties" have
agreed that appellant's lawyer performed deficiently). According to the Fifth Circuit, the prejudice
question turned on whether this deficient performance deprived appellant "of a substantive or
procedural right-here the right to have the indictment dismissed with prejudice-to which the law
entitled him." See Young, 356 F.3d at 627.

 The Fifth Circuit decided that appellant suffered legitimate prejudice because he is entitled
to the benefit of the version of Article 28.061 applicable to this case. See Young, 356 F.3d at 627-28
(appellant was, at the time of the state murder prosecution, legally entitled to the final "vested" rights
conferred upon him by this version of Article 28.061). The State claimed that appellant is not
entitled to the benefit of this version of Article 28.061 because it violates the separation of powers
provision of the Texas Constitution. The Fifth Circuit rejected this claim by deferring to the state
courts' "implicit conclusion and interpretation of state law" that this version of Article 28.061 is
constitutional. See Young, 356 F.3d at 628. The Fifth Circuit also decided that our state courts
unreasonably applied Strickland by failing to properly distinguish Fretwell and by disregarding
Williams' interpretation of Fretwell. See Young, 356 F.3d at 619.

 After appellant obtained federal habeas corpus relief, the State obtained another indictment
charging appellant with the same murder as the one charged in the earlier indictment. See Young,
181 S.W.3d at 528-29. Appellant filed a pretrial state writ of habeas corpus asserting that the state
murder prosecution should be dismissed with prejudice under the version of Article 28.061
applicable to this case. The trial court, however, denied relief based on a finding that the
enforcement provision in this version of Article 28.061 violates the separation of powers provision
of the Texas Constitution. See Young, 181 S.W.3d at 528-29, 530 (trial court found that former
"Article 28.061, in so far as it provided for dismissal with prejudice for Article 32.01 dismissals,
constituted a violation of the constitutional separation of powers doctrine"). The El Paso Court of
Appeals decided that this version of Article 28.061 is constitutional and ordered the lower court to
"dismiss the indictment." See Young, 181 S.W.3d at 532. We granted review to address the
constitutionality of this version of Article 28.061.

 And we adopt now Presiding Judge Keller's analysis of this issue in her opinion dissenting
to the dismissal of the discretionary review petition as improvidently granted in Condran, 977
S.W.2d at 144-47 (Keller, J., dissenting). Consistent with this opinion, we decide that the
enforcement provision in the version of Article 28.061 applicable to this case violates the separation
of powers provision of the Texas Constitution because it seriously disrupts a prosecutor's ability to
perform his duties, it does not effectuate a superior constitutional interest, and it was not
contractually submitted to by the prosecution. See Condran, 977 S.W.2d at 144-47 (Keller, J.,
dissenting). (4) 

 The Fifth Circuit may have properly granted relief for ineffective assistance of counsel at the
time that it acted. But this Court had not resolved the question of whether the enforcement provision
in the version of Article 28.061 applicable to this case violated the separation of powers doctrine. 
Thus, while the Fifth Circuit decision granted relief on appellant's ineffective assistance of counsel
claim, that decision merely returned the case to the trial court for further proceedings. In those
further proceedings, the trial court held that the enforcement provision in the version of Article
28.061 applicable to this case was unconstitutional and, therefore, the indictment could not be
dismissed with prejudice. It is this most recent decision by the trial court that we address today. 
And, having declared unconstitutional the enforcement provision in the version of Article 28.061
applicable to this case, our decision here does not conflict with the Fifth Circuit decision. 

 The judgment of the Court of Appeals is reversed, and the cause is remanded there for further
proceedings consistent with this opinion.

 Hervey, J.


Delivered: December 6, 2006

Publish
1. The enforcement provision in the version of Article 28.061 applicable to this case provided
that dismissal of a prosecution under former Article 32.01 had to be with prejudice. Former Article
32.01 required the dismissal of a prosecution of a defendant on bail "if indictment or information
be not presented against such defendant at the next term of the court which is held after his
commitment or admission to bail." These statutory provisions and their subsequent history are more
fully discussed in now Presiding Judge Keller's opinions dissenting to the dismissal of the
discretionary review petitions as improvidently granted in State v. Condran, 977 S.W.2d 144, 144-47
(Tex.Cr.App. 1998) (Keller, J., dissenting), and Ex parte Norton, 969 S.W.2d 3, 3-4 (Tex.Cr.App.
1998) (Keller, J., dissenting).

 We also note that the version of Article 28.061 declared unconstitutional in its entirety in
Meshell v. State, 739 S.W.2d 246, 250, 257-58 (Tex.Cr.App. 1987), is not the version of Article
28.061 applicable to this case. The version of Article 28.061 declared unconstitutional in its entirety
in Meshell provided:


 If a motion to set aside an indictment, information, or complaint for failure to provide
a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the
defendant. A discharge under this article is a bar to any further prosecution for the
offense discharged or for any other offense arising out of the same transaction.


See Acts 1977, 65th Leg., ch. 787, § 4, eff. July 1, 1978.


 The version of Article 28.061 applicable to this case, with its enforcement provision
emphasized in bold, provided:


 If a motion to set aside an indictment, information, or complaint for failure to provide
a speedy trial is sustained, the court shall discharge the defendant. A discharge
under this article or Article 32.01 of this code is a bar to any further prosecution
for the offense discharged and for any other offense arising out of the same
transaction, other than an offense of a higher grade that the attorney representing the
state and prosecuting the offense that was discharged does not have the primary duty
to prosecute.


See Acts 1987, 70th Leg., ch. 383, § 1, eff. September 1, 1997; see also Condran, 977 S.W.2d at 144-45 (Keller, J., dissenting). 


 The Legislature amended Article 28.061 to its current version in 1997. See Acts 1997, 75th
Leg., ch. 289, § 1, eff. May 26, 1997. Article 28.061 currently provides:


 If a motion to set aside an indictment, information, or complaint for failure to provide
a speedy trial is sustained, the court shall discharge the defendant. A discharge under
this article is a bar to any further prosecution for the offense discharged and for any
other offense arising out of the same transaction, other than an offense of a higher
grade that the attorney representing the state and prosecuting the offense that was
discharged does not have the primary duty to prosecute.
2. These state-court determinations are probably erroneous since the constitutionality of the
version of Article 28.061 applicable to this case was an unsettled area of law at the time of
appellant's state murder prosecution. See Ex parte Chandler, 182 S.W.3d 350, 357-59 (Tex.Cr.App.
2005) (attorney is not liable for an error in judgment on an unsettled proposition of law); Vaughn v.
State, 931 S.W.2d 564, 567 (Tex.Cr.App. 1996) (deficient attorney performance component of
ineffective assistance of counsel claim cannot be based on alleged errors of counsel "when the
caselaw evaluating counsel's actions and decisions in that instance was nonexistent or not
definitive").

 The Dallas, Fort Worth, Waco, and Corpus Christi Courts of Appeals decided that this
version of Article 28.061 violated the separation of powers provision of the Texas constitution. See
Hixson v. State, 1 S.W.3d 160, 162-163 (Tex. App.-Corpus Christi 1999, no pet.); Frenzel v. State,
963 S.W.2d 911, 915-916 (Tex. App.-Waco 1998, pet. ref'd); Ex parte Barnes, 959 S.W.2d 313,
318-320 (Tex. App.-Fort Worth 1997, pet. dism'd); State v. Condran, 951 S.W.2d 178, 184-191
(Tex. App.-Dallas 1997), pet. dism'd, 977 S.W.2d 144 (Tex.Cr.App. 1998).

 The Austin, San Antonio, Texarkana and both Houston Courts of Appeals decided that this
version of Article 28.061 did not violate the separation of powers provision of the Texas
Constitution. See Steinmetz v. State, 968 S.W.2d 427, 429-430 (Tex. App.-Texarkana 1998, no
pet.); Ex parte Torres, 966 S.W.2d 723, 726-728 (Tex. App.-San Antonio 1998), vacated on other
grounds, 993 S.W.2d 662 (Tex.Cr.App. 1999); Ex parte Mallares, 953 S.W.2d 759, 762-763 (Tex.
App.-Austin 1997, no pet.); Norton v. State, 918 S.W.2d 25, 28-29 (Tex. App.-Houston [14th Dist.]
1996), pet. dism'd, 969 S.W.2d 3 (Tex.Cr.App. 1998); State v. Nguyen, 882 S.W2d 471, 473 (Tex.
App.-Houston [1st Dist.] 1994, pet. ref'd).

 This Court had declined to settle the issue. See Condran, 977 S.W.2d at 144-47 (Keller, J.,
dissenting); Norton, 969 S.W.2d 3-4 (Keller, J., dissenting). There is, therefore, no reasonable
probability that the result of the proceeding in appellant's state murder prosecution would have been
different had his counsel raised the Article 28.061 claim. We do, however, consider ourselves bound
by these prior state-court determinations under "law of the case" principles. See Ware v. State, 736
S.W.2d 700, 701 (Tex.Cr.App. 1987).
3. In Lockhart v. Fretwell, the Supreme Court decided that counsel's failure to make an
outcome-determinative, meritorious objection based on an Eighth Circuit Court of Appeals decision,
which was later overruled, was not legitimate prejudice under Strickland because permitting the
defendant the benefit of subsequently overruled case law was a windfall to which he was not entitled. 
See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) ("prejudice" component of Strickland focuses
on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding
fundamentally unfair and "[u]nreliability and unfairness does not result if the ineffectiveness of
counsel does not deprive the defendant of any substantive or procedural right to which the law
entitles him"). In Williams v. Taylor, 529 U.S. 362, 391-92, 397 (2000), the Supreme Court
explained that the prejudice inquiry in Fretwell is an exception to the usual outcome-determinative
test in Strickland, which continues to provide "sufficient guidance for resolving virtually all
ineffective-assistance-of-counsel claims."
4. Since the enforcement provision in this version of Article 28.061 is unconstitutional,
appellant's ineffective assistance of counsel claim is controlled by Fretwell. Under Fretwell,
appellant did not suffer legitimate Strickland prejudice because, like the subsequently overruled
Eighth Circuit decision in Fretwell, the now unconstitutional version of Article 28.061 applicable
to appellant's case no longer entitles him to a dismissal with prejudice of his murder prosecution. 
See Fretwell, 506 U.S. at 372 (for purposes of prejudice under Strickland, unreliability or unfairness
does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive
or procedural right to which the law entitles him) and at 374 (O'Connor, J., concurring) (court
making the prejudice determination may not consider the effect of an objection it knows to be wholly
meritless under current governing law); compare Williams, 529 U.S. at 393 (Fretwell does not justify
a departure from straight-forward application of Strickland when the ineffectiveness of counsel
deprives the defendant of a substantive or procedural right to which the law entitles him).