Affirmed and Majority and Concurring Opinions filed November 29, 2007








Affirmed and Majority and
Concurring Opinions filed November 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00999-CV

____________

 

MERCEDES WILSON-EVERETT, INDIVIDUALLY

AND AS REPRESENTATIVE OF THE ESTATE

OF RUBY J. WILSON, DECEASED,
Appellant

 

V.

 

CHRISTUS ST. JOSEPH, JEFF WEBSTER,
EDITH IRBY

JONES, LAKISHA HOSE, MARIAMME
KURIAN, LAURA FORTIN,

SOPHIE MEYERS, NEDRA THOMAS AND
LAURA FLINT,
Appellees

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 346,170-401

 



 

M A J O R I T Y   O P I N I O N

 








In this health
care liability case, Mercedes Wilson-Everett, individually and as
Representative of the Estate of Ruby J. Wilson, deceased, (AEverett@) appeals the
trial court=s order of dismissal on the ground that section 74.351
of the Texas Civil Practice and Remedies Code[1]
(Asection 74.351@) violates the
Separation of Powers provision of the Texas Constitution.[2] 
We affirm.

                                                     Background

In 2004, Everett
sued appellees, asserting health care liability claims relating to the
treatment of Ms. Ruby Wilson, now deceased, while she was a patient at Christus
St. Joseph Hospital.  Appellees filed a motion to dismiss these claims for
failure to file an expert report pursuant to section 74.351, Everett filed no
response, and the trial court granted the motion.  Everett filed a motion to
modify the judgment dismissing the action (the Amotion to modify@), which the trial
court denied.

Preservation of
Complaint








As a preliminary matter, appellees
contend that Everett waived her constitutional challenge to section 74.351 by
raising it for the first time in her motion to modify.[3] 
To preserve a complaint for appellate review, a party must generally present it
to the trial court in a timely request, motion, or objection that states the
specific grounds therefor, and obtain a ruling.  Tex. R. App. P. 33.1(a).  This
rule applies to constitutional issues.  In re L.M.I., 119 S.W.3d 707,
710B11 (Tex. 2003); Dreyer v. Greene,
871 S.W.2d 697, 698 (Tex. 1993).  However, a motion to modify a judgment can
raise for the first time a constitutional challenge to a trial court decision,
particularly where, as here, the trial court held a hearing on the issue.[4]  In this case,
Everett raised her constitutional challenge to section 74.351 in her motion to
modify and argued those constitutional challenges at a hearing, and the trial
court entered an order denying the motion.  Because this satisfied the
requirements of rule 33.1(a), we find no basis to conclude that the complaint
was waived and, thus, proceed to the merits.

                                               Standard
of Review

An analysis of the
constitutionality of a statute begins with a presumption of validity, and the
burden of proof is on those parties challenging this presumption.[5] 
If possible, we interpret a statute in a manner that renders it constitutional
because the legislature is presumed to have intended compliance with the Texas
Constitution.[6]

Separation of
Powers

Everett argues
that section 74.351 violates
the Separation of Powers provision because, by dictating to courts exactly when
and how to render a judgment with prejudice if a plaintiff does not provide an
adequate expert medical report within the prescribed time period, it interferes
with the judiciary=s constitutional power to decide when and
how to render judgments.[7]








The Separation of
Powers provision prohibits one branch of government from exercising a power
inherently belonging to another branch.  Gen. Servs. Comm=n v. Little-Tex
Insulation Co., 39 S.W. 3d 591, 600 (Tex. 2001).  However, it is only when
the functioning of the judicial process in a field constitutionally committed
to the control of the courts is interfered with by the executive or legislative
branches that a constitutional problem arises.  Id.

The Texas
Constitution explicitly vests the judicial power of the State in the courts. 
Tex. Const. art. V, ' 1.  Although the Constitution grants the Legislature authority
over judicial administration, this authority does not allow the
Legislature to encroach on substantive judicial powers.[8] 
The Legislature may thus define certain parameters within the operation of the
judicial branch, but it may not interfere with the powers of the judicial
branch so as to usurp those powers.  Williams v. State, 707 S.W.2d 40,
45B46 (Tex. Crim. App. 1986).[9] 
Judicial powers under the Constitution include the powers to: (1) hear facts;
(2) decide the issues of fact made by the pleadings; (3) decide the question of
law involved; (4) enter a judgment on the facts found in accordance with the
law as determined by the court; and (5) execute the judgment or sentence.[10]








The parties have cited, and we have
found, no Texas appellate court decision on whether section 74.351 or any
similar statute violates the Separation of Powers provision of the Texas
Constitution.[11]  The Court
of Criminal Appeals has held that a statute, requiring dismissal of a
prosecution with prejudice if an indictment against the defendant is not
presented at the next term of court held after commitment or admission to bail,
violated the Separation of Powers provision.  See Ex parte Young, 213
S.W.3d 327, 329, 331B32 (Tex. Crim. App. 2006).  However, that decision was based
on a determination that the statute disrupted the prosecutor=s ability to perform his duties, rather than
interfering with the court=s power to render decisions, as asserted in this case. 
Similarly, courts of other states have rejected challenges to similar statutes
on Separation of Powers grounds, but those decisions were also based on
different arguments than Everett advances here.[12]








Although not cited by either party in
this case, or binding on this court, an arguably more relevant decision is that in In
re S.G., 677 N.E.2d 920, 930 (Ill. 1997).  There, the State challenged a
statute, requiring dismissal of a petition for adjudication of wardship if the adjudicatory
hearing was not completed within 90 days of service, as encroaching on the
court=s power to decide
the best interest of minors.  See id. at 923, 927.  The court concluded
that the statute did not violate the separation of powers principle because it
represented a legislative expression of public policy requiring the expeditious
resolution of abuse and neglect cases, provided a reasonable time for the
exercise of judicial duties, and did not deprive the courts of the power to
adjudicate a child=s best interest, but only required that
power to be exercised in a manner that protects the rights of all parties.  See
id. at 930.

In the present
case, the expert report requirement in section 74.351 imposes a threshold to
prevent frivolous or premature lawsuits from proceeding until a good-faith
effort has been made to demonstrate that at least one expert believes that a
breach of the applicable standard of care caused the claimed injury.  See
Murphy v. Russell, 167 S.W.3d 835, 838 (Tex. 2005); Walker v. Gutierrez,
111 S.W.3d 56, 66 (Tex. 2003).  The courts retain the judicial power to determine whether a
timely filed report is adequate in this regard and to render a decision
accordingly.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(l), (r)(6).  Everett does not
contend that the applicable time limits for submitting reports are unreasonable
or that courts are otherwise unduly constrained by the statutory requirements
in deciding whether an adequate report has been filed.  Because Everett has
therefore not overcome the presumption that section 74.351 is constitutional,
we overrule her issue and affirm the judgment of the trial court.

 

 

/s/        Richard H. Edelman

Senior Justice

 

Judgment rendered and Majority and
Concurring Opinions filed November 29, 2007.

Panel consists of Justices Fowler,
Frost, and Edelman.* (Frost, J., concurring).









[1]                      See Tex.
Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon 2005 & Supp. 2007).  Although the facts on which Everett=s claims were based are alleged to have occurred prior
to the effective date of section 74.351, the differences between section 74.351
and its predecessor statute, art. 4590i section 13.01, are not material
to our disposition of the constitutional challenge.  Therefore, our opinion
will refer to section 74.351, as the parties=
briefs have, for expedience.





[2]                      See Tex.
Const. art. II, ' 1.  Everett does not argue that she timely filed an
adequate report or that the trial court improperly applied the statutory
requirements of section 74.351.  Nor does she otherwise challenge the
procedural or factual basis for the dismissal other than the constitutionality
of the statute.





[3]                      However, footnote 4 of appellees= brief contradicts this contention by acknowledging
that Everett=s separation of powers argument was preserved.





[4]                      See Romero v. State, 893 S.W.2d 550, 551 (Tex. App.CTexarkana
1994), aff=d, 927
S.W.2d 632, 635B36 (Tex. 1996) (addressing, but rejecting, Romero=s contention, raised for the first time in a motion to
modify the judgment, that the settlement and dismissal of the case should be
reversed because the settlement violated her constitutional rights).





[5]                      See In re Commitment of Fisher, 164 S.W.3d 637, 645 (Tex. 2005); Walker v.
Gutierrez, 111 S.W.3d 56, 66 (Tex. 2003).





[6]                      City of Houston v. Clark, 197 S.W.3d 314, 320 (Tex. 2006); FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).





[7]                      Everett contends that the statute,
by its terms, always operates unconstitutionally, i.e., there is no set
of circumstances in which it will be valid, rather than that it is
unconstitutional as applied in this particular case.  See generally, Tex. Mun. League Intergovernmental Risk
Pool v. Tex. Workers= Comp.
Comm=n, 74 S.W.3d
377, 381 (Tex. 2002);  Tex.
Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 518 n.16 (Tex. 1995); Santikos v. State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).





[8]                      State v. Williams, 938 S.W.2d 456, 459 (Tex. Crim. App. 1997); Armadillo Bail Bonds
v. State, 802 S.W.2d 237, 240 (Tex. Crim. App. 1990).





[9]                      The concurring opinion takes issue with our
application in this civil case of Separation of Powers principles that have
been stated in Court of Criminal Appeals opinions, but have not been addressed
by the Texas Supreme Court.  However, because Wilson-Everett expressly relies
on these principles, such that none of the Texas Supreme Court opinions bear on
her contentions, we cannot address those contentions without either applying
the principles she relies upon from the Court of Criminal Appeals opinions or,
alternatively, concluding that they have no application in a civil case. 
Because the Texas Supreme Court has not indicated any disagreement with these
principles, or decided any cases inconsistently with them, we have no basis to
conclude that they do not apply in a civil case.  In addition, it is not
apparent how our high courts could conclude that there is a difference in the
amount or degree of Separation of Powers that is constitutionally required
between our respective branches of government when viewed in a civil versus
criminal context.





[10]                   Armadillo Bail Bonds, 802 S.W.2d at 240B41.





[11]                   However, the statute has survived other challenges to
its constitutionality.  See  Morrison v. Chan, 699 S.W.2d 205 (Tex.
1985) (rejecting due process and open courts challenge).  The predecessor to
section 74.351, art. 4590i section 13.01, has also withstood
constitutional challenges, including a Separation of Powers challenge, albeit
to other provisions in the statute than the one challenged in this case.  See
Knie v. Piskun, 23 S.W.3d 455 (Tex. App. BAmarillo 2000, pet. denied) (overruling a Separation of Powers
challenge to section 13.01(p) and (q)); Thoyakulathu v. Brennan, 192
S.W.3d 849, 856 (Tex. App.CTexarkana 2006,
no pet.) (denying due process challenges); Strom v. Mem=l Hermann Hosp. Sys., 110 S.W.3d 216, 227 (Tex. App.CHouston
[1st Dist.] 2003, pet. denied) (denying due process, equal protection, and
right to jury trial challenges); Villa v. Hargrove, 110 S.W.3d 74, 81
(Tex. App.CSan Antonio 2003, pet. denied) (denying due process
and equal protection challenges); Mocega v. Bradford Urquhart, M.D., 79
S.W.3d 61, 64 (Tex. App.CHouston [14th Dist.] 2002, pet. denied) (denying open
courts challenge).





[12]                   See DeLuna v. St. Elizabeth=s Hosp., 
588 N.E.2d 1139, 1143B46 (Ill. 1992) (statute allowing dismissal of medical
malpractice action if plaintiff failed to submit expert report did not violate
Separation of Powers by improperly delegating a judicial power to the health
care professional providing the report);  Mahoney v. Doerhoff Surgical
Servs., 807 S.W.2d 503, 505B06, 510 (Mo.
1991) (same).





*                      Senior
Justice Richard H. Edelman sitting by assignment.