COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS









EX PARTE 


EDWARD MICHAEL YOUNG,

§


 


§


 


§


 


§


 


§


 


 § 


No. 08-04-00250-CR


 

Appeal from the


168th Judicial District Court


of El Paso County, Texas 


(TC# 68448) 



O P I N I O N


 Edward Young appealed the denial of his second application for a writ of habeas corpus 
arguing: (1) that the magistrate court erred in holding that the law-of-the-case doctrine did not
preclude consideration of the constitutionality of former Article 28.061; and (2) that the
magistrate court erred in finding former Article 28.061 to be unconstitutional. Having
determined the statute was constitutional, this Court did not reach the law-of-the-case issue. Ex
parte Young, 181 S.W.3d 526, 532 (Tex.App.--El Paso 2005, pet. granted). The Court of
Criminal Appeals reversed, holding the statute unconstitutional, and remanded the case to us for
further proceedings consistent with its opinion. Ex parte Young, 213 S.W.3d 327, 332
(Tex.Crim.App. 2006). We hold the law-of-the-case doctrine is not applicable in this case. 
Therefore, we affirm the magistrate court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND (1)

 Appellant Edward Michael Young was convicted of murder and sentenced to sixty years
in prison. This Court affirmed that judgment, and the Court of Criminal Appeals refused
Appellant's petition for discretionary review.

 After he was convicted, Appellant filed a post-conviction habeas application in state
court, alleging that he had received ineffective assistance of counsel because his trial counsel did
not move to dismiss the indictment for lack of speedy trial under former Articles 32.01 and
28.061 of the Texas Code of Criminal Procedure. The Court of Criminal Appeals denied
Appellant's application without a written opinion.

 Appellant then filed a habeas petition in federal court, once again arguing ineffective
assistance of counsel. The Fifth Circuit Court of Appeals granted Appellant's federal application
on ineffective assistance of counsel grounds, and ordered that he be released from custody.
Young v. Dretke, 356 F.3d 616, 630 (5th Cir. 2004). But Appellant's indictment was never
dismissed.

 After the State failed to dismiss the pending indictment, Appellant filed a motion in state
district court, arguing that the indictment against him should be dismissed in light of the Fifth
Circuit's ruling. While Appellant's motion to dismiss was still pending, the State obtained a
second murder indictment. Appellant filed a pretrial habeas application in state district court,
arguing that the second indictment should be dismissed. The state district court referred both the
motion to dismiss and the habeas application to a criminal magistrate court. The magistrate court
determined that while the State did not have good cause for the delay in initially indicting
Appellant, former Article 28.061 was unconstitutional insofar as it provided for dismissal with
prejudice. The magistrate court further determined that the prior holdings of the courts that had
ruled on Appellant's claims did not preclude consideration of the statute's constitutionality. The
magistrate court denied Appellant's habeas application.

 Appellant filed an appeal with this Court from the magistrate court's denial of his habeas
application. Appellant argued two issues on appeal: (1) that the magistrate court erred in
holding that the law-of-the-case doctrine did not preclude consideration of the constitutionality of
former Article 28.061; and (2) that the magistrate court erred in finding former Article 28.061 to
be unconstitutional. We held that former Articles 28.061 and 32.01 of the Code of Criminal
Procedure were constitutional and reversed the magistrate court's order, with instructions to
dismiss the indictment. Ex parte Young, 181 S.W.3d at 532. We did not reach Appellant's first
issue. Id.

 The Texas Court of Criminal Appeals reversed, holding that Article 28.061,
unconstitutionally infringed on the separation of powers by disrupting the prosecutor's ability to
perform his duties. Ex parte Young, 213 S.W.3d at 332. The case is now before this Court on
remand for consideration of Appellant's remaining issue. See id. at 332.

DISCUSSION

 The only issue remaining is Appellant's assertion that the law-of-the-case doctrine bars
his prosecution for murder. Under the law-of-the-case doctrine, an appellate court's resolution of
a question of law in a previous appeal of the same case will govern the disposition of the same
issue when raised in a subsequent appeal. Howlett v. State, 994 S.W.2d 663, 666
(Tex.Crim.App. 1999). The law-of-the-case doctrine is not required by statute or constitution. 
Ex parte Granger, 850 S.W.2d 513, 516 (Tex.Crim.App. 1993). Rather, it is a court-made
doctrine, designed to promote judicial consistency and eliminate the need for appellate courts to
prepare opinions discussing previously resolved matters. Howlett, 994 S.W.2d at 666. Under
this doctrine, trial courts are assured that they may rely on an appellate court's disposition of an
issue in the case they are presiding over, giving trial courts an incentive to follow those decisions
closely. Id. But the law-of-the-case doctrine is not absolute--in fact, it should be disregarded
when compelling circumstances require a redetermination of the point of law decided in the prior
appeal. Granger, 850 S.W.2d at 516.

 By its definition, the law-of-the-case doctrine requires a prior appellate resolution of the
question at issue in subsequent proceedings. See Hewlett, 994 S.W.2d at 666. Appellant
contends that decisions in the trial court, the Texas Court of Criminal Appeals, and the Fifth
Circuit Court of Appeals in his prior habeas actions have implicitly held former Article 28.061 to
be constitutional. Therefore, Appellant concludes that in his case the statue acts to bar further
prosecution. We disagree.

 The Court of Criminal Appeals specifically denied having addressed the issue prior to its
opinion declaring the statute unconstitutional. See Ex Parte Young, 213 S.W.3d at 332. The
opinion also resolves Appellant's argument that the Fifth Circuit Court of Appeal's opinion
constituted a ruling on the issue. Following the statement that the Court had not previously
addressed the issue, the Court concluded that the only effect of the Fifth Circuit's decision
granting relief on Appellant's ineffective assistance of counsel claim was to return the case to the
trial court for further proceedings. Ex parte Young, 213 S.W.3d at 332. Therefore, as there is no
prior appellate decision establishing the law of this case in Appellant's favor, the doctrine cannot
act to bar further prosecution now.

 Accordingly, Issue One is overruled, and the trial court's decision denying Appellant's
petition for writ of habeas corpus is affirmed.



July 31, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., Not Participating


(Do Not Publish)
1. This case's complex procedural history, along with the legislative history of Articles
28.061 and 32.01 of the Code of Criminal Procedure, is laid out in more detail in our previous
opinion, Ex parte Young, 181 S.W.3d 526, 528-29 (Tex.App.--El Paso 2005, pet. granted), rev'd,
213 S.W.3d 327 (Tex.Crim.App. 2006).