

# IN THE
# TENTH COURT OF APPEALS

## No. 10-03-00109-CR

**JOSE PENA,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

## From the 12th District Court
## Leon County, Texas
## Trial Court No. CM-99-82

## OPINION ON REMAND

A jury convicted Jose Pena of possessing marihuana in the amount of 50 pounds or less but more than 5 pounds and, after finding enhancement allegations true, assessed his punishment at life imprisonment.  With Chief Justice Gray dissenting, this Court has issued two opinions reversing the conviction and remanding this cause to the trial court, and the Court of Criminal Appeals has reversed our decisions both times.[1]

---

[1]    *See Pena v. State*, 166 S.W.3d 274 (Tex. App.—Waco 2005), *rev'd*, 191 S.W.3d 133 (Tex. Crim. App. 2006), 226 S.W.3d 634 (Tex. App.—Waco 2007) (op. on remand), *rev'd*, 285 S.W.3d 459 (Tex. Crim. App. 2009).

Pena contends in his remaining four points that: (1) he was denied due process by the State's failure to disclose *Brady* evidence; and (2) he received ineffective assistance of trial counsel because counsel failed to: (a) request a jury instruction on mistake of fact, (b) move for dismissal because of pretrial delay, and (c) preserve for appellate review his claim that the Texas Due Course of Law provision provides greater protection than the federal Due Process Clause with regard to lost or destroyed evidence. We will affirm.

### *Brady* Evidence

Pena contends in his first point that he was denied due process by the State's failure to disclose the audio portion of the video recording depicting his stop and arrest. He contends that the audio is exculpatory because it corroborates his defensive theory that he did not know or believe that the plant material seized was marihuana.

According to Department of Public Safety Trooper Mike Asby's testimony, Pena repeatedly denied that the plant material was marihuana. The video recording admitted at trial (with audio) contains Pena's comments to Asby in which he asserted that it was not marihuana and insisted that it be tested.[2] However, the copy of the video provided to Pena did not include the audio recording.

Under *Brady v. Maryland*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of

---

[2] The jury did not hear the audio portion of the recording.

the prosecution." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963). *Brady* applies only to favorable evidence "known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397, 49 L. Ed. 2d 342 (1976); *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).

The Court of Criminal Appeals has held that *Brady* does not apply to the State's failure to disclose a statement the defendant made to law enforcement officials. *See Havard v. State*, 800 S.W.2d 195, 204-05 (Tex. Crim. App. 1989); *accord Hayes*, 85 S.W.3d at 814-15 (letter defendant wrote to mother-in-law); *Badillo v. State*, 255 S.W.3d 125, 132 (Tex. App.—San Antonio 2008, no pet.) (letter defendant wrote to complainant's mother). As the Court explained in *Havard*, "[A]ppellant knew of both the existence and the content of his statement, as a matter of simple logic, because he was there when it was made." 800 S.W.2d at 204.

The same reasoning applies to the audio recording of Pena's conversation with Trooper Asby. Thus, we overrule Pena's first point.

### Ineffective Assistance

Pena contends in the remaining three points that he received ineffective assistance of trial counsel because counsel failed to: (a) request a jury instruction on mistake of fact, (b) move for dismissal because of pretrial delay, and (c) preserve his due course of law claim for appellate review.

To prevail on an ineffective-assistance claim, an appellant must show by a preponderance of the evidence that: (1) counsel's performance was deficient and (2) the

deficient performance prejudiced the defense. *Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007). We begin with a "strong presumption" that counsel provided reasonably professional assistance, and Pena bears the burden of overcoming this presumption. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Generally, the appellate record is insufficient to satisfy this burden. *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004); *Curry v. State*, 222 S.W.3d 745, 754 (Tex. App.—Waco 2007, pet. ref'd). If nothing in the record reveals the reason for the act or omission which is the basis of an ineffective assistance complaint, we may not speculate on that reason. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Curry*, 222 S.W.3d at 754.

### *Mistake of Fact*

Pena argues in his second point that he received ineffective assistance of counsel because counsel failed to request an instruction on mistake of fact. Pena's trial counsel testified at the hearing on his motion for new trial. However, counsel noted at the beginning of his testimony that he did not bring his file and did not know that he was going to be called to testify. Regarding the jury charge, counsel testified that he did not remember why he chose not to request an instruction on mistake of fact. We may not speculate on the reason(s) he did not request this instruction. *Id.* Accordingly, we overrule Pena's second point.

### *Speedy Trial*

Pena claims in his third point that he received ineffective assistance of counsel because counsel failed to move for dismissal because of pretrial delay. To prevail on an

ineffective assistance claim premised on counsel's failure to file a pretrial motion, an appellant must show that the motion would have been granted. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam); *Edmond v. State*, 116 S.W.3d 110, 112 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *see Pady v. State*, No. 13-07-00075-CR, 2008 Tex. App. LEXIS 8577, at *4 (Tex. App.—Corpus Christi Nov. 13, 2008, pet. ref'd) (not designated for publication) (applying this principle to ineffective assistance claim premised on counsel's failure to seek speedy trial).

We consider the four *Barker* factors when evaluating a speedy-trial claim: 1) length of the delay, 2) reason for the delay, 3) assertion of the right, and 4) prejudice to the accused. *See Cantu v. State*, 253 S.W.3d 273, 277 (Tex. Crim. App. 2008) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972)). The length of delay is undisputed—more than four years.[3] Once a presumptively prejudicial delay like this is shown, the State bears the initial burden of providing a justification for the delay. *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994); *Blaylock v. State*, 259 S.W.3d 202, 209 (Tex. App.—Texarkana 2008, pet. ref'd).

Pena was arrested on September 27, 1998 and made a $10,000 surety bond the next day. He was incarcerated in Harris County one month later for "other matters" and parole violations and was not released until July 1999. During his incarceration, his surety presented an affidavit for his surrender, and a warrant was issued for Pena's

---

[3] The delay is measured from the date of arrest or the presentment of the indictment, whichever occurs first, to the date of trial. *See State v. Manley*, 220 S.W.3d 116, 122 (Tex. App.—Waco 2007, no pet.).

arrest. He was not arrested on this warrant until June 2001, and counsel was appointed to represent him shortly thereafter. Pena was released on bond again in October 2001.

The case was set for trial in July 2002 but postponed after the court granted Pena's continuance motion. The parties proceeded to trial in September 2002, but the venire panel was dismissed after the challenges for cause were granted because an insufficient number of veniremembers remained. *See Goode v. State*, 740 S.W.2d 453, 459-60 (Tex. Crim. App. 1987) (reversing conviction where defendant received only 9 of 15 peremptory challenges required by statute in death penalty case); *see also* TEX. CODE CRIM. PROC. ANN. art. 35.15(b) (Vernon 2006) (State and defendant each entitled to 10 peremptory challenges in non-capital felony case). Pena's appointed counsel withdrew about one month later, and a second attorney was appointed to represent him. He was tried in early January 2003.

It appears that the parties share responsibility for the first three years of the delay. Pena was incarcerated in another county for a year following his arrest and remained at large after his release without making any inquiry into the status of this case. Conversely, it does not appear that his address changed at any time before trial, and, though the authorities had a valid address for him at all times, the record contains no evidence that the State attempted to arrest him between July 1999 and June 2001. *See Emery*, 881 S.W.2d at 708 (State bears burden of justifying presumptively prejudicial delay); *Blaylock*, 259 S.W.3d at 209 (same); *cf. Smith v. State*, No. 05-04-01343-CR, 2005 Tex. App. LEXIS 6820, at *15-16 (Tex. App.—Dallas Aug. 23, 2005, pet. ref'd) (not designated for publication) (reasons for delay weighed against defendant because

evidence was presented that efforts to arrest him at last known address were unsuccessful and he had moved without correcting his driver's license records).

In the same way, the parties share responsibility for the remaining months of delay. During this time period, Pena obtained a continuance and changed attorneys. Conversely, the inability to secure enough veniremembers for the September 2002 trial "is not a valid reason for delay and must be counted against the State, although not heavily." *See Shaw v. State*, 117 S.W.3d 883, 890 (Tex. Crim. App. 2003) (addressing crowded docket as reason for delay).

Pena obviously did not assert his right to a speedy trial in the trial court. His trial counsel testified that he did not believe a speedy-trial motion would be meritorious because of Pena's previous "trial."

Pena argues that he was prejudiced by the delay because the plant material which formed the basis for his prosecution was destroyed and the Department of Public Safety lab file was lost. However, those items were lost/destroyed in March 2000, while Pena was at large. He has not established how the filing of a speedy-trial motion by his first appointed counsel in July 2001 or by his second counsel in October 2002 would have prevented the loss/destruction of these items.

The delay was lengthy, and the parties share responsibility for the delay. Pena has not established that a speedy-trial motion would have prevented the destruction of the plant material or the loss of the lab file. Thus, he has failed to establish that he would have prevailed on a speedy-trial motion. *See Jackson*, 973 S.W.2d at 957; *Edmond*, 116 S.W.3d at 112. Because he has failed to establish that he would have prevailed on

such a motion, he has likewise failed to show a reasonable probability that the result of his trial would have been different but for trial counsel's failure to file such a motion. *See Pady*, 2008 Tex. App. LEXIS 8577, at *7. Accordingly, we overrule Pena's third point.

*Due Course of Law*

Pena avers in his fourth point that he received ineffective assistance of counsel because counsel failed to preserve for appellate review his claim that the Texas Due Course of Law provision provides greater protection than the federal Due Process Clause with regard to lost or destroyed evidence.

This Court was the first in Texas to hold that the Due Course of Law provision provides greater protection than its federal counterpart with regard to preservation of evidence. *See Pena v. State*, 166 S.W.3d 274, 281-82 (Tex. App.—Waco 2005), *rev'd*, 191 S.W.3d 133 (Tex. Crim. App. 2006). In fact, we addressed this issue *sua sponte* because the parties briefed the case as if there were no distinction between the state and federal provisions. *See Pena*, 191 S.W.3d at 134.

The deficient attorney performance component of an ineffective assistance claim cannot be based on alleged errors of counsel "when the caselaw evaluating counsel's actions and decisions in that instance was nonexistent or not definitive." *Ex parte Young*, 213 S.W.3d 327, 330 n.2 (Tex. Crim. App. 2006) (quoting *Vaughn v. State,* 931 S.W.2d 564, 568 (Tex. Crim. App. 1996)). The proposition that Texas' Due Course of Law provision grants greater protection than the federal Due Process Clause with regard to preservation of evidence is a novel one. Counsel cannot be held to have

rendered deficient performance for having failed to preserve such an unsettled proposition. *See id.* Thus, we overrule Pena's fourth point.

We affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed June 9, 2010
Do not publish
[CRPM]