

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1560-12

## EX PARTE JOHN CHRISTOPHER LO

## ON STATE'S MOTION FOR REHEARING AFTER WRITTEN OPINION

**KELLER, P.J., filed a concurring opinion.**

In *Armadillo Bail Bonds v. State*, this Court struck down legislation that delayed the entry of certain judgments by eighteen months.[1] In that case, the length of the delay does not seem to have been particularly relevant to the decision. This Court said:

> If this requirement is, as Armadillo argues, a valid exercise of the Legislature's power over judicial administration, then, as the court of appeals noted, "nothing prevents the legislature from imposing an *interminable* delay in obtaining final judgment." (emphasis added). In other words, if Article 22.16(c)(2) is valid, then the Legislature has the power to render the Judiciary impotent with respect to the entry of final judgments.[2]

There is no suggestion in this language that the length of the delay had any bearing on the statute's

---

[1] 802 S.W.2d 237 (Tex. Crim. App. 1990).

[2] *Id.* at 241 (emphasis in *Armadillo Bail Bonds*).

unconstitutionality or that a shorter delay would have satisfied the Texas Constitution. I do not think that the constitutionality of the statute in this case depends upon the length of the mandated delay.

In *State v. Condran*, I dissented to the Court's refusal of a petition that claimed a violation of separation of powers.[3] I concluded:

> The lesson drawn from *Meshell*,[4] *Jones*,[5] and *Williams*[6] is that a legislatively imposed deadline for prosecutorial action violates the Separation of Powers Clause if (1) the remedy for failing to meet the deadline seriously disrupts the prosecutor's ability to perform his duties,[7] (2) the deadline cannot be justified as necessary to effectuate a superior constitutional interest,[8] and (3) the prosecutor did not contractually submit to the deadline.[9]

I would apply the same lesson to legislatively imposed deadlines regarding the entry of final judgment. In this case, the remedy for failing to meet the deadline seriously disrupts a court's ability to perform its duties: it prevents a court from performing a core judicial function. I see no conflicting constitutional interest, let alone a superior constitutional interest. And there is no suggestion that courts have contractually submitted to the deadline, as is the case, for example, when a prisoner is obtained pursuant to the Interstate Agreement on Detainers.

Furthermore, the notification statute applies not just to this Court, but to all courts. I do not

---

[3] 977 S.W.2d 144, 146 (Tex. Crim. App. 1998) (Keller, J., dissenting), *analysis adopted by Ex parte Young*, 213 S.W.3d 327, 331 (Tex. Crim. App. 2006).

[4] 739 S.W.2d 246 (Tex. Crim. App. 1987).

[5] 803 S.W.2d 712 (Tex. Crim. App. 1991).

[6] 938 S.W.2d 436 (Tex. Crim. App. 1997).

[7] Dismissal with prejudice required by Speedy Trial Act.

[8] Release on bond if prosecutor not ready for trial within certain time.

[9] Regarding speedy trial provision of Interstate Agreement on Detainers, the prosecutor submitted to a contract when he obtained prisoner pursuant to the act.

know what burden the statute would place on trial courts and courts of appeals, but, during the last fiscal year, this Court disposed of well over nine thousand matters. Many of the pleadings before our Court claim that a statute violates the constitution. I agree with the Court that subsection (a), which requires courts to serve the Attorney General with notice and a copy of the relevant pleadings in all of these cases, also violates the Texas Constitution because it imposes a duty that falls outside of any judicial function of this Court.

Finally, I point out that this Court makes available on its website a list of the issues upon which discretionary review has been granted. Any challenge to the constitutionality of a statute that is before us by means of a granted petition for discretionary review is, therefore, already easily ascertainable.

I join the judgment of the Court.

Filed: March 19, 2014
Publish