IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1560-12






EX PARTE JOHN CHRISTOPHER LO






ON STATE'S MOTION FOR REHEARING


AFTER WRITTEN OPINION





 Keller, P.J., filed a concurring opinion.


 In Armadillo Bail Bonds v. State, this Court struck down legislation that delayed the entry
of certain judgments by eighteen months. (1) In that case, the length of the delay does not seem to have
been particularly relevant to the decision. This Court said:

 If this requirement is, as Armadillo argues, a valid exercise of the Legislature's
power over judicial administration, then, as the court of appeals noted, "nothing
prevents the legislature from imposing an interminable delay in obtaining final
judgment." (emphasis added). In other words, if Article 22.16(c)(2) is valid, then
the Legislature has the power to render the Judiciary impotent with respect to the
entry of final judgments. (2)


There is no suggestion in this language that the length of the delay had any bearing on the statute's 
unconstitutionality or that a shorter delay would have satisfied the Texas Constitution. I do not think
that the constitutionality of the statute in this case depends upon the length of the mandated delay.

 In State v. Condran, I dissented to the Court's refusal of a petition that claimed a violation
of separation of powers. (3) I concluded:

 The lesson drawn from Meshell, (4) Jones, (5) and Williams (6) is that a legislatively imposed
deadline for prosecutorial action violates the Separation of Powers Clause if (1) the
remedy for failing to meet the deadline seriously disrupts the prosecutor's ability to
perform his duties, (7) (2) the deadline cannot be justified as necessary to effectuate a
superior constitutional interest, (8) and (3) the prosecutor did not contractually submit
to the deadline. (9)


I would apply the same lesson to legislatively imposed deadlines regarding the entry of final
judgment. In this case, the remedy for failing to meet the deadline seriously disrupts a court's ability
to perform its duties: it prevents a court from performing a core judicial function. I see no
conflicting constitutional interest, let alone a superior constitutional interest. And there is no
suggestion that courts have contractually submitted to the deadline, as is the case, for example, when
a prisoner is obtained pursuant to the Interstate Agreement on Detainers.

 Furthermore, the notification statute applies not just to this Court, but to all courts. I do not
know what burden the statute would place on trial courts and courts of appeals, but, during the last
fiscal year, this Court disposed of well over nine thousand matters. Many of the pleadings before
our Court claim that a statute violates the constitution. I agree with the Court that subsection (a),
which requires courts to serve the Attorney General with notice and a copy of the relevant pleadings
in all of these cases, also violates the Texas Constitution because it imposes a duty that falls outside
of any judicial function of this Court.

 Finally, I point out that this Court makes available on its website a list of the issues upon
which discretionary review has been granted. Any challenge to the constitutionality of a statute that
is before us by means of a granted petition for discretionary review is, therefore, already easily
ascertainable.

 I join the judgment of the Court.


Filed: March 19, 2014

Publish
1. 802 S.W.2d 237 (Tex. Crim. App. 1990).
2. Id. at 241 (emphasis in Armadillo Bail Bonds).
3. 977 S.W.2d 144, 146 (Tex. Crim. App. 1998) (Keller, J., dissenting), analysis adopted
by Ex parte Young, 213 S.W.3d 327, 331 (Tex. Crim. App. 2006).
4. 739 S.W.2d 246 (Tex. Crim. App. 1987).
5. 803 S.W.2d 712 (Tex. Crim. App. 1991).
6. 938 S.W.2d 436 (Tex. Crim. App. 1997).
7. Dismissal with prejudice required by Speedy Trial Act.
8. Release on bond if prosecutor not ready for trial within certain time.
9. Regarding speedy trial provision of Interstate Agreement on Detainers, the prosecutor
submitted to a contract when he obtained prisoner pursuant to the act.