COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| | | No. 08-04-00250-CR |
| | § | |
| | | Appeal from the |
| EX PARTE | § | |
| | | 168th Judicial District Court |
| EDWARD MICHAEL YOUNG, | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 68448) |
| | § | |
| | § | |

**O P I N I O N**

Edward Young appealed the denial of his second application for a writ of habeas corpus arguing: (1) that the magistrate court erred in holding that the law-of-the-case doctrine did not preclude consideration of the constitutionality of former Article 28.061; and (2) that the magistrate court erred in finding former Article 28.061 to be unconstitutional. Having determined the statute was constitutional, this Court did not reach the law-of-the-case issue. *Ex parte Young*, 181 S.W.3d 526, 532 (Tex.App.--El Paso 2005, pet. granted). The Court of Criminal Appeals reversed, holding the statute unconstitutional, and remanded the case to us for further proceedings consistent with its opinion. *Ex parte Young*, 213 S.W.3d 327, 332 (Tex.Crim.App. 2006). We hold the law-of-the-case doctrine is not applicable in this case. Therefore, we affirm the magistrate court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND** [1]

---

[1] This case's complex procedural history, along with the legislative history of Articles 28.061 and 32.01 of the Code of Criminal Procedure, is laid out in more detail in our previous

Appellant Edward Michael Young was convicted of murder and sentenced to sixty years in prison. This Court affirmed that judgment, and the Court of Criminal Appeals refused Appellant's petition for discretionary review.

After he was convicted, Appellant filed a post-conviction habeas application in state court, alleging that he had received ineffective assistance of counsel because his trial counsel did not move to dismiss the indictment for lack of speedy trial under former Articles 32.01 and 28.061 of the Texas Code of Criminal Procedure. The Court of Criminal Appeals denied Appellant's application without a written opinion.

Appellant then filed a habeas petition in federal court, once again arguing ineffective assistance of counsel. The Fifth Circuit Court of Appeals granted Appellant's federal application on ineffective assistance of counsel grounds, and ordered that he be released from custody. *Young v. Dretke*, 356 F.3d 616, 630 (5th Cir. 2004). But Appellant's indictment was never dismissed.

After the State failed to dismiss the pending indictment, Appellant filed a motion in state district court, arguing that the indictment against him should be dismissed in light of the Fifth Circuit's ruling. While Appellant's motion to dismiss was still pending, the State obtained a second murder indictment. Appellant filed a pretrial habeas application in state district court, arguing that the second indictment should be dismissed. The state district court referred both the motion to dismiss and the habeas application to a criminal magistrate court. The magistrate court determined that while the State did not have good cause for the delay in initially indicting

opinion, *Ex parte Young*, 181 S.W.3d 526, 528-29 (Tex.App.--El Paso 2005, pet. granted), *rev'd*, 213 S.W.3d 327 (Tex.Crim.App. 2006).

Appellant, former Article 28.061 was unconstitutional insofar as it provided for dismissal with prejudice. The magistrate court further determined that the prior holdings of the courts that had ruled on Appellant's claims did not preclude consideration of the statute's constitutionality. The magistrate court denied Appellant's habeas application.

Appellant filed an appeal with this Court from the magistrate court's denial of his habeas application. Appellant argued two issues on appeal: (1) that the magistrate court erred in holding that the law-of-the-case doctrine did not preclude consideration of the constitutionality of former Article 28.061; and (2) that the magistrate court erred in finding former Article 28.061 to be unconstitutional. We held that former Articles 28.061 and 32.01 of the Code of Criminal Procedure were constitutional and reversed the magistrate court's order, with instructions to dismiss the indictment. *Ex parte Young*, 181 S.W.3d at 532. We did not reach Appellant's first issue. *Id*.

The Texas Court of Criminal Appeals reversed, holding that Article 28.061, unconstitutionally infringed on the separation of powers by disrupting the prosecutor's ability to perform his duties. *Ex parte Young*, 213 S.W.3d at 332. The case is now before this Court on remand for consideration of Appellant's remaining issue. *See id*. at 332.

## DISCUSSION

The only issue remaining is Appellant's assertion that the law-of-the-case doctrine bars his prosecution for murder. Under the law-of-the-case doctrine, an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal. *Howlett v. State*, 994 S.W.2d 663, 666 (Tex.Crim.App. 1999). The law-of-the-case doctrine is not required by statute or constitution.

*Ex parte Granger*, 850 S.W.2d 513, 516 (Tex.Crim.App. 1993). Rather, it is a court-made doctrine, designed to promote judicial consistency and eliminate the need for appellate courts to prepare opinions discussing previously resolved matters. *Howlett*, 994 S.W.2d at 666. Under this doctrine, trial courts are assured that they may rely on an appellate court's disposition of an issue in the case they are presiding over, giving trial courts an incentive to follow those decisions closely. *Id*. But the law-of-the-case doctrine is not absolute--in fact, it should be disregarded when compelling circumstances require a redetermination of the point of law decided in the prior appeal. *Granger*, 850 S.W.2d at 516.

By its definition, the law-of-the-case doctrine requires a prior appellate resolution of the question at issue in subsequent proceedings. *See Hewlett*, 994 S.W.2d at 666. Appellant contends that decisions in the trial court, the Texas Court of Criminal Appeals, and the Fifth Circuit Court of Appeals in his prior habeas actions have implicitly held former Article 28.061 to be constitutional. Therefore, Appellant concludes that in his case the statue acts to bar further prosecution. We disagree.

The Court of Criminal Appeals specifically denied having addressed the issue prior to its opinion declaring the statute unconstitutional. *See Ex Parte Young*, 213 S.W.3d at 332. The opinion also resolves Appellant's argument that the Fifth Circuit Court of Appeal's opinion constituted a ruling on the issue. Following the statement that the Court had not previously addressed the issue, the Court concluded that the only effect of the Fifth Circuit's decision granting relief on Appellant's ineffective assistance of counsel claim was to return the case to the trial court for further proceedings. *Ex parte Young*, 213 S.W.3d at 332. Therefore, as there is no prior appellate decision establishing the law of this case in Appellant's favor, the doctrine cannot

act to bar further prosecution now.

Accordingly, Issue One is overruled, and the trial court's decision denying Appellant's petition for writ of habeas corpus is affirmed.

July 31, 2008
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating

(Do Not Publish)